UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JACK COLLINS, | Case No. 14-CV-4799 (SRN/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| LORI SWANSON; ANGELA HELSETH KIESE; and STATE OF MINNESOTA OFFICE OF THE ATTORNEY GENERAL, | |
| Defendants. | |

Plaintiff Jack Collins commenced this action by filing a complaint alleging violations of his constitutional rights in violation of 42 U.S.C. § 1983.  Collins did not pay the filing fee, but instead applied to proceed *in forma pauperis* ("IFP") in this action.  *See* ECF No. 2.   In an order dated November 24, 2014, this Court declined to grant Collins's IFP application, as Collins's complaint failed to state a viable claim for relief (as this Court explained, the original complaint was "nearly unintelligible).  *See* ECF No. 4 at 2.  Rather than recommending that Collins's complaint be dismissed for failure to state a claim upon which relief could be granted, however, this Court provided Collins with an opportunity to file an amended complaint.  Collins has now done so, *see* ECF No. 5, and thus Collins's IFP application is once again before the Court for consideration.

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this

Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Collins's amended complaint is no better than his original complaint. Indeed, the amended complaint is *worse* than the original complaint in some respects. Whereas the original complaint included substantive allegations against the defendants (albeit allegations this Court found impossible to decipher), the amended complaint consists mostly of printouts of Minnesota statutes. As best the Court can tell, Collins is alleging that defendants have violated these Minnesota statutes in their interactions with him since his release from prison, thereby depriving him of rights guaranteed by those statutes. But in order to succeed on a claim under § 1983, Collins must show that he has been deprived of rights secured by either the United States Constitution or federal laws, not rights secured by state laws. *See Odom v. Brutger Equities, Inc.*, 302 Fed. App'x 505, 506 (8th Cir. 2008) (per curiam) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 931 (1982)); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). Collins has fallen well short of alleging how defendants have deprived him of rights guaranteed by *federal* law. Accordingly, any § 1983 claim brought by Collins must fail. This

Court therefore recommends that Collins's IFP application be denied and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.   Plaintiff Jack Collins's application for leave to proceed *in forma pauperis* [ECF No. 2] be denied.

2.   This action be SUMMARILY DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: December 18, 2014                      s/Leo I. Brisbois
                                              Leo I. Brisbois
                                              United States Magistrate Judge


## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by January 1, 2015, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.