# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Jack Collins,** | Civil No. 14-CV-4799 (SRN/LIB) |
| **Plaintiff,** | |
| | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| **Lori Swanson,** <br> **Angela Helseth Kiese, and** <br> **State of Minnesota Office of the Attorney General** | |
| **Defendants** | |

---

Jack Collins, Apt. 8, 3003 North Penn Ave., Minneapolis, MN 55411, *Pro Se*

---

SUSAN RICHARD NELSON, United States District Court Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois, dated December 18, 2014 [Doc. No. 8]. In the R&R, Magistrate Judge Brisbois addressed Plaintiff Jack Collins' in forma pauperis application ("IFP application") [Doc. No. 2], recommending that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and that Collins' IFP application be denied. Collins filed a memorandum on December 22, 2014, which this Court construes as his objections to the R&R. ("Objections" [Doc. No. 9].)

1

According to statute, the Court must conduct a de novo review of any portion of the magistrate judge's opinion to which specific objections are made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); see also Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review and for the reasons set forth below, the R&R is adopted.

## I. BACKGROUND

Collins, who is proceeding pro se, initially filed this action seeking his "full civil rights back" (Compl. ¶ 7 [Doc. No. 1]), and simultaneously applied for IFP status. Upon reviewing Plaintiff's filings, Magistrate Judge Brisbois noted that while Collins appeared to bring claims against the Defendants for alleged violations of his constitutional rights, his Complaint failed to state a claim on which relief could be granted. (Order of 11/24/14 at 2 [Doc. No. 4].) In particular, the magistrate judge noted that the Complaint failed to identify the alleged constitutionally violative actions and failed to request relief other than unspecified "justice." (Id.) The Magistrate Judge declined to rule on Plaintiff's IFP application at that time, but provided him an opportunity to file an amended pleading, noting that if Plaintiff failed to do so within a specified period, he would recommend dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. (Id.)

Collins filed an Amended Complaint within the designated period. (Am. Compl. [Doc. No. 5].) On December 18, 2014, Magistrate Judge Brisbois issued the R&R in

which he found that the amended pleading failed to state a claim on which relief could be granted, and was, in many respects, more inadequate than the original pleading. (R&R at 2 [Doc. No. 8].) He noted that while the original Complaint included substantive, but indecipherable, allegations against Defendants, the Amended Complaint consisted primarily of printouts of Minnesota statutes. (Id.) Finding that Collins failed to demonstrate how Defendants deprived him of rights guaranteed by federal law, he found that the Amended Complaint failed to state a claim under 42 U.S.C. § 1983. (Id.) Accordingly, Magistrate Judge Brisbois recommended that this matter by dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## II.   DISCUSSION

As the R&R correctly states, if an IFP applicant files a complaint that fails to state a cause of action upon which relief may be granted, the Court may dismiss the action. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). This Court has noted that because the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court applies Rule 12(b)(6) standards when evaluating dismissals under § 1915(e)(2)(B)(ii). Washington v. Vaghn, No. 14-CV-525 (JRT/JSM), 2014 WL 3687240, at *3-4 (D. Minn. July 24, 2014) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); Atkinson, 91 F.3d at 1128-29 (applying standard of review for failure to state a claim under Rule 12(b)(6) applicable at the time to a dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)). When evaluating a complaint under Rule 12(b)(6), the Court assumes the facts in the complaint to be true and construes

all reasonable inferences from those facts in the light most favorable to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).  A pro se complaint must be liberally construed, Atkinson, 91 F.3d at 1129 (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), but a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  Id. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

   As far as the Court can discern, Collins' sole ground of objection to the R&R is that "the Complaint shows a cause of action."  (Objections at 8 [Doc. No. 9].)  The Court disagrees.  The R&R addressed the adequacy of Collins' claims in the Amended Complaint [Doc. No. 5], which the Court examines to determine whether it survives the Rule 12 standard of review.  As noted in the R&R, the Amended Complaint consists of printouts or hand-written copies of Minnesota rules and statutes.  (Am. Compl. [Doc. No. 5].)  It contains no case caption, let alone a recitation of facts, causes of action, or a request for relief.  Nor does it identify any defendants.  While Collins' Amended Complaint is utterly deficient, his Objections appear to address his intended claims.  For

4

instance, he refers to bringing suit against the Attorney General's Office and the State Supreme Court. (Objections at 1 [Doc. No. 9].) He appears to argue that he lacks access to certain underlying court documents and that his civil rights were not properly restored after release from incarceration. (Id. at 3-4, 6-7.) Again, whatever his intention expressed in his Objections, Collins' Amended Complaint contains nothing that identifies the facts of his case, the nature of his claims, the party or parties against whom he seeks relief, or the type of relief requested. Under a Rule 12 standard of review, a complaint must contain enough facts to state a plausible claim for relief. Twombly, 550 U.S. at 555. Even viewing Collins' pleading liberally in light of his pro se status, Collins' Amended Complaint fails to state a claim upon which relief can be granted. As the Eighth Circuit Court of Appeals has noted, a district court is not required to "pretend that certain facts exist in order to foresee a theory of recovery not actually raised or reasonably inferred by the pleader." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988).

Finally, although not addressed in the R&R, the Court notes that some arguments contained in Collins' Objections appear very similar to claims raised in an earlier suit filed by Collins in this Court, Collins v. Dakota Cnty. Dist. Ct., 11-CV-19 (SRN/AJB) (D. Minn. 2011). Plaintiff's previous suit concerned the restoration of his civil rights, although against a different defendant. See Collins, No. 11-CV-19 (SRN/AJB), 2011 WL 1885485, at *1 (D. Minn. May 18, 2011). This Court dismissed the complaint in that action on grounds of absolute immunity, id., and the Eighth Circuit Court of Appeals affirmed the dismissal, No. 11-2411, 435 Fed. App'x 581 (8th Cir. 2011). It is not clear

5

whether Collins attempts here to revive dismissed claims from his earlier action. To the extent that he seeks to do so, such claims would also be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. See Williams, 853 F.2d at 588 (stating that even when a complaint is filed in an IFP proceeding, drafted by a pro se litigant, a court may dismiss such a case if "satisfied that the action is frivolous.").

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Application for Leave to Proceed In Forma Pauperis [Doc. No. 2] is **DENIED**;

2. The Report and Recommendation [Doc. No. 8] is **ADOPTED**;

3. Plaintiff's Objections to the Report and Recommendation [Doc. No. 9] are **OVERRULED;** and

7. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:   April 15, 2015

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Court Judge